UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN HUNT,<br><br>   Plaintiff,<br><br> v.<br><br>META PLATFORMS, INC., et al.,<br><br>   Defendants. | Case No. 23-cv-04953-PCP<br><br>**ORDER DENYING MOTION TO BIFURCATE**<br><br>Re: Dkt. No. 41 |

  Plaintiff Justin Hunt filed his second amended complaint in this case on December 6, 2023. The H&R Block defendants—HRB Digital LLC and HRB Tax Group, Inc.—intend to move to compel arbitration under the Federal Arbitration Act, and ask the Court to modify their responsive pleading deadlines so that they will not be required to answer or file any Rule 12 motions until after the motion to compel arbitration has been resolved. Mr. Hunt opposes that request. For the reasons that follow, the motion to bifurcate is denied.

  Federal Rule of Civil Procedure 12 generally requires a defendant to serve an answer within 21 days after being served with a complaint (or within 60 days if service is waived). The rule allows some defenses to be asserted by motion instead of in a responsive pleading, and requires that any such motion be made before the responsive pleading. Parties to litigation have broad leeway to agree among themselves to modify default deadlines. But the H&R Block Defendants ask the Court to modify deadlines over Mr. Hunt's objections. They argue that bifurcating will allow for more efficient resolution of this litigation, while Mr. Hunt argues that it will not do so because bifurcation will unduly postpone briefing on any Rule 12 motions should the Court deny the motion to compel arbitration.

  Absent agreement among the parties or a showing of particularly good cause, the Court

will not modify the responsive pleading deadlines set by the Federal Rules. Having any potential Rule 12 motion briefed at the same time as a motion to compel arbitration will permit the case to move forward expeditiously regardless of how the arbitration motion is resolved. The H&R Block Defendants' motion to bifurcate is therefore denied. Pursuant to the parties' stipulation, the defendants' deadline to respond to Mr. Hunt's second amended complaint will be thirty days from the date of this order.

In advance of the Case Management Conference scheduled for January 11, 2024, the parties shall by Monday, January 8, 2024 file an updated Joint Case Management Statement that proposes a case schedule including all proposed deadlines required by the Standing Order for All Judges of the Northern District of California and this Court's standing order, as well as proposed deadlines for filing any motions to compel arbitration or to sever claims.

**IT IS SO ORDERED.**

Dated: January 2, 2024

P. Casey Pitts
United States District Judge