GIBSON, DUNN & CRUTCHER LLP
LAUREN R. GOLDMAN (*pro hac vice*)
lgoldman@gibsondunn.com
DARCY C. HARRIS (*pro hac vice*)
dharris@gibsondunn.com
200 Park Avenue
New York, NY 10166
Telephone:    (212) 351-4000
Facsimile:    (212) 351-4035

ELIZABETH K. MCCLOSKEY, SBN 268184
emccloskey@gibsondunn.com
ABIGAIL A. BARRERA, SBN 301746
abarrera@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105
Telephone:    (415) 393-8200
Facsimile:    (415) 393-8306

COOLEY LLP
MICHAEL G. RHODES, SBN 116127
rhodesmg@cooley.com
KYLE C. WONG, SBN 224021
kwong@cooley.com
CAROLINE A. LEBEL, SBN 340067
clebel@cooley.com
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
Telephone:    (415) 693-2000
Facsimile:    (415) 693-2222

*Attorneys for Defendant Meta Platforms, Inc.*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JUSTIN HUNT,<br><br>             *Plaintiff*,<br><br>   v.<br><br>META PLATFORMS, INC., GOOGLE, LLC; HRB DIGITAL LLC; HRB TAX GROUP, INC.; and DOES 1 through 100 inclusive,<br><br>             *Defendants*. | Case No. 5:23-cv-04953-PCP<br><br>**NOTICE OF MOTION AND MOTION TO SEVER AND CONSOLIDATE PLAINTIFF'S CLAIMS AGAINST META PLATFORMS, INC.**<br><br>[*Proposed Order filed concurrently herewith*]<br><br>Date: February 29, 2024<br>Time: 10:00 a.m.<br>Courtroom 8, 4th Floor<br><br>Action Filed: September 27, 2023<br>Honorable P. Casey Pitts |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on February 29, 2024, at 10:00 a.m., or as soon as the matter may be heard before the Honorable P. Casey Pitts of the United States District Court for the Northern District of California in the San Jose Courthouse, 280 South First Street, San Jose, CA 95113, Defendant Meta Platforms, Inc. ("Meta") will and does move this Court for an order severing the claims against Meta in this action and consolidating those claims with *In re Meta Pixel Tax Filing Cases*, Case No. 5:22-cv-7557-PCP (N.D. Cal. Dec. 1, 2022). This motion is brought under Federal Rules of Civil Procedure 21 and 42, on the basis that the claims against Meta in this action and the claims in the earlier-filed *In re Meta Pixel Tax Filing Cases* involve common questions of law and fact, such that the claims against Meta in this action should be severed and consolidated with *In re Meta Pixel Tax Filing Cases*.

Meta's motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, any other matters of which the Court may take judicial notice, other documents on file in this action, and any oral argument of counsel.

Dated: January 4, 2024

**GIBSON, DUNN & CRUTCHER LLP**

By:  */s/ Lauren R. Goldman*
       Lauren R. Goldman

**COOLEY LLP**

By:  */s/ Michael G. Rhodes*
       Michael G. Rhodes

*Attorneys for Meta Platforms, Inc.*
*(formerly known as Facebook, Inc.)*

**INTRODUCTION**

This action involves the alleged transmission of sensitive user information from defendants HRB Digital LLC and HRB Tax Group, Inc. (collectively, "H&R Block") to defendants Meta Platforms, Inc. ("Meta") and Google LLC ("Google") using Meta's and Google's analytics technologies. With respect to Meta, plaintiff alleges that H&R Block, which offers tax return preparation services, sent his sensitive tax return information to Meta through the Meta Pixel that H&R Block installed on its website.

These allegations mirror those asserted against Meta in an earlier-filed consolidated action, *In re Meta Tax Filing Cases*, Case No. 5:22-cv-07557-PCP (the "Consolidated Action"), which is also pending before this Court. The operative complaint in the Consolidated Action alleges that companies offering online tax-filing services (including H&R Block) sent their users' sensitive financial information to Meta through Meta's tracking tools, including the Meta Pixel. Plaintiff's proposed class in this case is also subsumed within the proposed class in the Consolidated Action. This Court has already deemed the two actions to be related. Consolidated Action, Dkt. 126 at 1.

Because the allegations against Meta in this case mirror those in the Consolidated Action, it would conserve resources, promote judicial economy, and avoid conflicting results to sever the claims against Meta in this action and consolidate them with the Consolidated Action. Accordingly, Meta respectfully requests that the Court sever plaintiff's claims against Meta in this action and consolidate them with the Consolidated Action. *See* Fed. R. Civ. P. 21, 42(a).

**BACKGROUND AND PROCEDURAL FACTS**

*Consolidated Action.* On December 1, 2022, "John Doe" and "Jane Doe" plaintiffs filed a putative class action against Meta, alleging that H&R Block installed Meta's Pixel tool on its website in a way that transmitted their sensitive tax-return information to Meta. Consolidated Action, Dkt. 1 ¶¶ 2, 5–6. Several other lawsuits alleging the same basic facts and asserting the same or similar claims were subsequently filed in the Northern District of California. On February 9, 2023, the Court granted a stipulation to relate and consolidate those cases and to establish a process for the parties to consolidate any additional related cases or claims into the Consolidated Action. *Id.*, Dkt. 30 at 3–4 (ordering any subsequent action "aris[ing] out of the same or similar operative facts of the Consolidated Action will

be, with the Court's approval, consolidated with the Consolidated Action for all purposes," and that any party "may file a Notice of Related Action pursuant to Civil Local Rule 3.12 whenever a party believes a case [] should be consolidated into the Consolidated Action"). Since that order, Meta and the plaintiffs in the Consolidated Action have moved expeditiously to relate and consolidate other similar claims against Meta into the Consolidated Action. *E.g.*, *id.*, Dkt. 41. Except for this case, all claims against Meta with allegations similar to the Consolidated Action have been consolidated.

On May 15, 2023, plaintiffs in the Consolidated Action filed a consolidated class-action complaint. Consolidated Action, Dkt. 71. Like the initial complaint, the consolidated complaint alleges that Meta received sensitive tax-return information without users' consent as a result of tax-filing services (including H&R Block) installing the Meta Pixel on their websites. *Id.* ¶¶ 1–2, 6–10, 12, 53–54, 58, 62–68. The consolidated complaint also alleges that Meta made "several false representations and warranties that it does not collect sensitive financial information" and that Meta knew "it was receiving tax filing and other financial information," but made no efforts to prevent its receipt of this information because "it had an affirmative desire to intercept and utilize" it. *Id.* ¶¶ 69–73. The Consolidated Action proposes a nationwide class defined as "[a]ll people in the United States whose tax filing information was obtained by Meta from an online tax preparation provider such as H&R Block, TaxAct, or TaxSlayer." *Id.* ¶ 80.

**This Action.** On September 27, 2023, plaintiff filed this action against Meta, Google, and H&R Block, alleging that H&R Block incorporated tracking technologies from Meta and Google on its website and transmitted users' sensitive financial information to Meta and Google through those technologies. Dkt. 1 ¶¶ 86–89. Plaintiff's initial complaint brought claims under the federal Racketeer Influenced and Corrupt Organizations Act (RICO), the Internal Revenue Code, the federal Wiretap Act, and California's Invasion of Privacy Act. *See* Dkt. 1, ¶¶ 223–286. Plaintiff then amended his complaint twice, on October 5, 2023 and December 6, 2023. *See* Dkts. 12, 36. In both amended complaints, plaintiff's substantive allegations remained largely unchanged from the initial complaint; the most conspicuous amendment was the removal of his federal and state wiretapping claims. *Id.*

With respect to Meta, plaintiff's action is based on factual allegations substantially similar to those asserted in the Consolidated Action. Specifically, plaintiff alleges that his sensitive tax-return

information was transmitted to Meta from H&R Block through the Meta Pixel on H&R Block's website. Dkt. 36 ¶¶ 85–88. He alleges that Meta improperly received and used this information for advertising purposes without his consent. Dkt. 36 ¶¶ 1–5, 9, 115–22, 127. Plaintiff claims Meta made "numerous misrepresentations regarding its privacy policies," including that entities like H&R Block would "not be permitted to transmit sensitive . . . financial information," and that Meta "takes no steps to ensure" that it does not receive such information because "the receipt of such data is highly valuable to Meta." Dkt. 36 ¶¶ 115–17. And plaintiff purports to represent a class of "[a]ll persons in the United States and its territories who submitted personal information to H&R Block for the purpose of online tax return preparation during the time the Meta Pixel . . . existed on the H&R Block websites." Dkt. 36 ¶ 216.

***Prior Relation Order.*** On October 6, 2023, plaintiffs in the Consolidated Action filed an administrative motion to consider whether the claims against Meta in this case should be severed and consolidated with the Consolidated Action, and whether the claims against Google similarly should be severed and consolidated with *Smith v. Google, LLC*, Case No. 5:23-cv-03527-PCP (N.D. Cal. Jan. 18, 2019). Consolidated Action, Dkt. 115. In that motion, the plaintiffs in the Consolidated Action noted that, "when meeting and conferring over this motion, the *Hunt* plaintiffs indicated that they intended to avoid severance and consolidation by amending their complaint to assert only claims under RICO and for violations of federal laws governing disclosure and access to tax-filing information, while deleting the wiretapping claims alleged in the original Hunt complaint." *Id*. at 2.

On October 11, 2023, Meta filed a statement in support of the position taken by the plaintiffs in the Consolidated Action, explaining that "[t]he focus and key allegations against Meta in each action closely track one other—they involve the same technology, the same website, the same class of users who visited that website, and the same alleged harm." Consolidated Action, Dkt. 118 at 1.

On October 23, 2023, this Court ruled that this case was related to the Consolidated Action and that "[t]he motion to sever the Meta and Google claims in *Hunt* and separately relate them to *Doe* and *Smith*, respectively, is denied as moot." Consolidated Action, Dkt. 126 at 1. The Court's order did not

address the merits of consolidating plaintiff's claims against Meta with the Consolidated Action.[1]

## LEGAL STANDARD

District courts have "broad discretion under Rule 42(a) to consolidate cases pending in the same district." *Villanueva v. Proterra Inc.*, 2023 WL 7003253, at *3 (N.D. Cal. Oct. 23, 2023) (quotation marks omitted). "If actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." *Id.* (citing Fed. R. Civ. P. 42(a)(2)). "In determining whether or not to consolidate cases, the Court should weigh the interest of judicial convenience against the potential for delay, confusion and prejudice." *Id.*

Under Federal Rule 21, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. "The court may also sever any claim against a party." *Id.* District courts have "broad discretion in determining whether to order severance under Rule 21," *Bodri v. Gopro, Inc.*, 2016 WL 1718217, at *1 (N.D. Cal. Apr. 28, 2016), and "Rule 21 allows the Court to sever [] claims against [a defendant] even though it was properly joined." *Bradford Techs., Inc. v. Biggers*, 2014 WL 12641953, at *5 (N.D. Cal. May 27, 2014). In considering whether to sever a claim under Rule 21, courts consider the following factors: "(1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common questions of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for the separate claims." *SEC v. Leslie*, 2010 WL 2991038, at *4 (N.D. Cal. July 29, 2010). "As long as there is a discrete and separate claim, the district court may exercise its discretion and sever it." *Id.* at *3. Severance is proper where it "will serve the ends of justice and further the prompt and efficient disposition of litigation." *Khanna v. State Bar of Cal.*, 2007 WL 2288116, at * 2 (N.D. Cal. Aug. 7, 2007).

---

[1] Because the Court has already related this case to the Consolidated Action, Meta is requesting both severance and consolidation in this motion, instead of requesting severance here and separately filing a notice of related action in the Consolidated Action. *See* Consolidated Action, Dkt. 30 at 3–4 (instructing parties to file a notice of related action "whenever a party believes a case [] should be consolidated into the Consolidated Action"). Should the Court prefer that Meta re-file its request for consolidation in the Consolidated Action, Meta will do so.

# ARGUMENT

The Court deemed this action and the Consolidated Action related, but did not address the merits of consolidating plaintiff's claims against Meta with the Consolidated Action. Consolidated Action, Dkt. 126 at 1. The Court should consolidate plaintiff's claims against Meta in this case with the Consolidated Action because both are based on the same allegations, involve the same technology, and are asserted against the same defendant, and because the proposed class in the Consolidated Action subsumes the proposed class in this case. And because consolidation is proper, it follows that severance (to facilitate consolidation) is also proper. This course will best advance judicial efficiency, reduce unnecessary burdens, and minimize unfair prejudice.

### A. The Court Should Consolidate Plaintiff's Claims Against Meta With The Consolidated Action

#### 1. Both Cases Involve Common Questions Of Law And Fact

Consolidation of plaintiff's claims against Meta with the Consolidated Action is appropriate because both cases involve "common questions of law or fact." Fed. R. Civ. P. 42(a)(2). Plaintiff's allegations against Meta in this case mirror those in the Consolidated Action. The Consolidated Action alleges that Meta received sensitive tax-return information as a result of tax-filing services' installation of the Meta Pixel on their websites. Consolidated Action, Dkt. 71 ¶¶ 1–2, 6–10, 12, 58, 62. These allegations are nearly identical to the allegations in the operative complaint here, which alleges that "all consumers who use H&R Block's online tax filing service will have their data collected, recorded, intercepted and transmitted by Meta through the use of pixels on H&R Block's website." Dkt. 36 ¶ 38; *see also* Dkt. 36 ¶¶ 85–88. Both cases allege Meta received and used this information without users' consent. *Id.* ¶¶ 1–5, 9, 115–22; Consolidated Action, Dkt. 71 ¶¶ 1, 53–54, 63–68. Both cases allege Meta made false and misleading representations to the putative class members that Meta would not receive their sensitive financial information, and both cases allege Meta made no efforts to prevent its receipt of this information. Dkt. 36 ¶¶ 115–22; Consolidated Action, Dkt. 71 ¶¶ 69–73.

The putative class in the Consolidated Action also subsumes the class that plaintiff purports to represent here. The proposed class in the Consolidated Action includes "[a]ll people in the United States whose tax filing information was obtained by Meta from an online tax preparation provider such

as H&R Block, TaxAct, or TaxSlayer." Consolidated Action, Dkt. 71 ¶ 80. Plaintiff's proposed class in this case is a subset of that group; it includes "[a]ll persons in the United States . . . who submitted personal information to H&R Block for the purpose of online tax return preparation during the time the Meta Pixel and/or Google Analytics existed on the H&R Block websites." Dkt. 36 ¶ 216. Aside from the inclusion of putative class members with claims against Google Analytics—claims that would not be affected by severance—plaintiff's proposed class is completely encompassed within the proposed class for the Consolidated Action.[2]

### 2. Judicial Efficiency From Consolidation Outweighs Any Potential Delay, Confusion, Or Prejudice

The judicial efficiency and resources saved by consolidation far outweigh any "potential for delay, confusion, or prejudice." *Villanueva*, 2023 WL 7003253, at *3. Consolidation will reduce the duplicative briefing and proceedings that would be necessary to litigate the same set of allegations in two different cases. Conversely, litigating the same allegations concerning the same putative class and the same defendant on two separate tracks would invite substantial redundancies and risk inconsistent results.

Nor will consolidation produce any delay, confusion, or prejudice. Plaintiff will not be prejudiced: he will still be able to assert claims against Meta for the alleged conduct he contends was unlawful, while Meta will avoid the prejudice it would bear if forced to litigate the same allegations in two separate cases. *See infra* at 8–10. Consolidation will likely *reduce* any confusion because the same set of facts and legal questions concerning the claims against Meta will be litigated and resolved in one case. And rather than face delays, plaintiff here is likely to *benefit* from the discovery work already completed in the Consolidated Action. Thus, the efficiency afforded by consolidation outweighs any "potential for delay, confusion and prejudice." *Shenwick v. Twitter, Inc.*, 2016 WL 10672428, at *1 (N.D. Cal. Dec. 22, 2016) (granting consolidation where both cases defined the same putative class and were based on the same "materially false and misleading statements").

---

[2] As discussed below, Meta is requesting severance of the claims against it so that plaintiff's claims against Google can proceed separately. *See infra* at 8–9.

Gibson, Dunn & Crutcher LLP

### 3.     Plaintiff's Attempt To Avoid Consolidation Is Unavailing

Plaintiff has admitted that he dropped his wiretapping claims in a deliberate attempt "to avoid severance and consolidation." Consolidated Action, Dkt. 115 at 3. He should not be allowed to defeat consolidation by engaging in such gamesmanship. Notwithstanding his amendments of his legal theories, plaintiff's allegations against Meta still mirror the allegations in the Consolidated Action. There is no reason for the Court or the parties to risk the unduly burdensome duplication of labor and expense and potentially conflicting results associated with litigating the same allegations in two separate suits, and plaintiff's attempt to avoid that result does not move the needle.

Consolidation does not require identical causes of action between both sets of claims; rather, the central question remains whether consolidation would promote judicial economy. *See Ali v. Intel Corp.*, 2018 WL 2412111, at *2 (N.D. Cal. May 29, 2018) (granting consolidation even when claims brought by overlapping class plaintiffs involved different time periods because they were lodged "against substantially similar defendants . . . based upon the same types of misstatements"); *id.* at *2 n.4 ("Differences in causes of action, defendants, or the class period do not render consolidation inappropriate if the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interests of judicial economy served by consolidation." (quoting *Kaplan v. Gelfond*, 240 F.R.D. 88, 91 (S.D.N.Y. 2007))). And for the reasons above, it is clear that litigating plaintiff's allegations alongside the same allegations in the Consolidated Action—rather than alongside different allegations against other defendants—would best serve judicial economy. *See Whelan v. Miles Indus.*, 2013 WL 12174135, at *1–2 (N.D. Cal. Jan. 3, 2013) (severing and consolidating claims with related litigation based on same conduct even though the alleged causes of action were not identical); *Medina v. Mealing*, 2006 WL 8443382, at *2 (N.D. Cal. Feb. 2, 2006) (finding consolidation proper where the "underlying conduct and factual situation" were the same). Additionally, as explained below (*infra* at 10), the same "witnesses and documentary proof [will be] required for the separate claims." *See SEC v. Leslie*, 2010 WL 2991038, at *4 (N.D. Cal. July 29, 2010). The fact that plaintiff asserts different legal theories based on the same facts does not undercut the efficiencies gained through consolidation.

## B. The Court Should Sever Plaintiff's Claims Against Meta

Plaintiff's allegations against Meta in this case largely mirror those asserted by the plaintiffs in multiple cases that have already been consolidated within the Consolidated Action. The claims against Meta in this action should be severed from plaintiff's distinct claims against the other defendants so that the claims against Meta can be related to and consolidated with the Consolidated Action. That course will best advance judicial efficiency, reduce unnecessary burdens, and minimize unfair prejudice.

### 1. Severance Will Promote Judicial Economy

For the same reasons explained above, severance will promote judicial economy, while denying severance would result in unnecessarily duplicative motion practice, discovery, and trial proceedings. *See supra* at 1, 7. Consolidating these allegations will increase efficiencies and reduce the burden on the judicial system, including by minimizing burdens associated with duplicative discovery processes in both cases. *See Colors of India v. Nielsen*, 2018 WL 6430118, at *5 (C.D. Cal. Oct. 19, 2018) ("Indeed, severing the claims would likely avoid lengthy delays associated with duplicative, unnecessary discovery requests."); *see also Bates v. United Parcel Service*, 204 F.R.D. 440, 449 (N.D. Cal. 2001) (explaining that "reducing the types and amount of evidence to be produced in each phase of trial would promote judicial economy and reduce the risk of confusion"); *Cellectricon AB v. Fluxion Biosciences, Inc.*, 2011 WL 1557987, at *3 (N.D. Cal. April 25, 2011) (granting motion to sever because of efficiency in discovery). And given the early posture of both cases, severance will not interfere with either action: this case has not yet moved beyond the pleading stage, and the Consolidated Action is still in the early stages of discovery.

### 2. Severance Will Avoid Unfair Prejudice To Meta And Will Not Prejudice Plaintiff

Severance will also promote fairness. Without severance, Meta will be required to defend against the same allegations in two cases, with all of the attendant burdens and expenses of duplicative litigation. Severance (and subsequent consolidation) thus will not only reduce the burden on the judicial system in general, but also avoid an imbalance in burdens imposed on Meta in particular. Severance and consolidation will also reduce the risk of unfair prejudice to Meta stemming from potentially inconsistent outcomes in dual-track putative class actions. *See Netlist, Inc. v. Smart*

*Modular, Inc.*, 2013 WL 12128691, at *7 (C.D. Cal. Nov. 26, 2013); *XpandOrtho, Inc. v. Zimmer Biomet Holdings, Inc.*, 2022 WL 18110171, at *9 (S.D. Cal. Nov. 22, 2022).  Without severance and consolidation, multiple issues in both cases—from discovery disputes to dispositive motions to jury verdicts—could potentially produce conflicting determinations.  Severance and consolidation would eliminate this unfair asymmetry.

Conversely, severance and consolidation would *not* prejudice plaintiff.  His underlying allegations against Meta are already encompassed within the Consolidated Action.  And severance of plaintiff's claims against Meta will not affect his claims against Google; these claims will simply proceed separately.  Especially "[b]ecause this litigation . . . is at an early stage, . . . no substantial right will be prejudiced by the severance of the claims." *Valez v. Billingsleys' Main St. Grill, Inc.*, 2020 WL 2213463, at *2 (C.D. Cal. Apr. 2, 2020).  Nor will severance prejudice the other defendants in this case, as those claims are entirely separate from the claims against Meta.  Both plaintiff and the other defendants will be able to develop their arguments regarding the remaining claims with or without Meta's presence in the case.

### 3. Plaintiff's Claims Against Meta Involve Distinct Factual Questions, Different Witnesses, And Different Documentary Proof From His Claims Against The Other Defendants

Finally, severance is proper because the factual allegations underlying plaintiff's claims against the other defendants in this case are materially different.

Google's alleged actions do not arise out of the same "transaction or occurrence" as Meta's. *Leslie*, 2010 WL 2991038, at *4 ("The application of Rule 21 involves considerations of convenience and fairness . . . [including] whether the claims arise out of the same transaction or occurrence.").  Instead, both Meta and Google are alleged to have intercepted plaintiff's information through each company's own separate analytics tools.  Dkt. 36 ¶¶ 127, 148.  The factual allegations surrounding each of these tools are distinct.  *Id.* ¶¶ 27–40 (discussing Meta's Pixel technology); *id.* ¶¶ 41–54 (discussing Google's Analytics technology).  And plaintiff does not allege that Google and Meta shared information *with one another* or that these technologies interact with each other.  As a result, the claims against Meta and the claims against Google will require different witnesses with knowledge of each of these different technologies.  Other issues, such as any scienter and the type of data received,

will also differ for Meta and Google. In short, to prove the claims against Meta and Google, plaintiff will have to pursue separate evidence.

Conversely, and as explained above, discovery related to plaintiff's claims against Meta in this case *will* be duplicative of the discovery sought in the Consolidated Action. *See supra* at 6. Denying severance would needlessly burden Meta with duplicative discovery productions and negotiations and would burden the courts and Meta with litigating and resolving the same discovery issues multiple times. *See Trazo v. Nestle USA, Inc.*, 2013 WL 12214042, at *3 (N.D. Cal. Dec. 4, 2013) ("Severing Plaintiffs' case . . . will help streamline discovery and allow the parties to focus on the distinct evidence required to support each separate claim."); *Colors of India*, 2018 WL 6430118, at *5.[3]

## CONCLUSION

This Court should sever the claims against Meta in this action and consolidate them with the Consolidated Action.

Dated: January 4, 2024

**GIBSON, DUNN & CRUTCHER LLP**

By: /s/ *Lauren R. Goldman*
Lauren R. Goldman

**COOLEY LLP**

By: /s/ *Michael G. Rhodes*
Michael G. Rhodes

*Attorneys for Meta Platforms, Inc.*
*(formerly known as Facebook, Inc.)*

---

[3] To the extent there is any overlap between the discovery relevant to plaintiff's claims against H&R Block and Meta, that overlap is much smaller and more easily navigable than the wholly duplicative discovery relevant to plaintiff's allegations against Meta here and the allegations in the Consolidated Action.

**CIVIL L.R. 5-1(i)(3) ATTESTATION**

Pursuant to Civil Local Rule 5-1(i)(3), I, Lauren R. Goldman, hereby attest under penalty of perjury that concurrence in the filing of this document has been obtained from all signatories.

Dated: January 4, 2024                  **GIBSON, DUNN & CRUTCHER LLP**

                                         By:   */s/ Lauren R. Goldman*
                                                 Lauren R. Goldman