Stacey R. Gilman (SBN 186396)
Jennifer B. Wieland (SBN 223841)
Anthony J. Durone (admitted *pro hac vice*)
BERKOWITZ OLIVER LLP
2600 Grand Blvd., Suite 1200
Kansas City, Missouri 64108
Telephone: (816) 561-7007
Facsimile: (816) 561-1888
sgilman@berkowitzoliver.com
jwieland@berkowitzoliver.com
adurone@berkowitzoliver.com

Ronald C. Finley (SBN 200549)
Alison P. Buchanan (SBN 215710)
Remington A. Lenton-Young (SBN 295392)
Manda N. McElrath (SBN 345206)
HOGE, FENTON, JONES & APPEL, INC.
55 South Market Street, Suite 900
San Jose, California 95113-2324
Telephone: (408) 287-9501
Facsimile: (408) 287-2583
ron.finley@hogefenton.com
alison.buchanan@hogefenton.com
remington.lenton-young@hogefenton.com
manda.mcelrath@hogefenton.com

Attorneys for Defendants
HRB DIGITAL LLC AND HRB TAX GROUP, INC.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN HUNT, <br><br> Plaintiff, <br><br> vs. <br><br> META PLATFORMS, INC., et al., <br><br> Defendants. | Case No. 5:23-cv-04953-PCP <br><br> **DEFENDANTS HRB DIGITAL LLC AND HRB TAX GROUP, INC.'S NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION AND TO STAY LITIGATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** <br><br> Date: March 7, 2024 <br> Time: 10:00 a.m. <br> Judge: Hon. P. Casey Pitts <br> Courtroom 8, 4th Floor |

# TABLE OF CONTENTS

Page

NOTICE OF MOTION ...................................................................................................6

RELIEF REQUESTED ..................................................................................................6

STATEMENT OF ISSUE TO BE DECIDED ...............................................................6

MEMORANDUM OF POINTS AND AUTHORITIES ................................................7

    I.    BACKGROUND ...........................................................................................7

        A.    The Terms of Plaintiff's Arbitration Agreement. .............................9

        B.    Plaintiff Filed This Lawsuit Against Defendants Notwithstanding His Arbitration Agreement. ...............................................................9

    II.    ARGUMENT ...............................................................................................10

        A.    THE FAA AND WELL-ESTABLISHED PRECEDENT REQUIRES ENFORCEMENT OF PLAINTIFF'S ARBITRATION AGREEMENT. ...........10

            1.    Plaintiff Agreed To Arbitrate. ...............................................11

            2.    Plaintiff's Claims Fall Within The Scope Of His Arbitration Agreement. ............................................................14

        B.    THIS ACTION SHOULD BE STAYED PENDING ARBITRATION OF PLAINTIFF'S CLAIMS. ...........................................................15

    III.    CONCLUSION ............................................................................................15

CERTIFICATE OF SERVICE ....................................................................................17

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Acquire II, Ltd. v. Colton Real Est. Grp.*,
 213 Cal. App. 4th 959, 153 Cal. Rptr. 3d 135 (2013) ................................................................ 7

*Am. Exp. Co. v. Italian Colors Rest.*,
 570 U.S. 228 (2013) .................................................................................................................. 11

*AT&T Mobility LLC v. Concepcion*,
 563 U.S. 333 (2011) ............................................................................................................ 10, 11

*AT&T Techs., Inc. v. Commc'ns Workers of Am.*,
 475 U.S. 643 (1986) .................................................................................................................. 14

*Cordas v. Uber Techs., Inc.*,
 228 F. Supp. 3d 985 (N.D. Cal. 2017) ...................................................................................... 13

*Crawford v. Beachbody, LLC*,
 2014 WL 6606563 (S.D. Cal. Nov. 5, 2014) ............................................................................ 13

*Dean Witter Reynolds, Inc. v. Byrd*,
 (1985) 470 U.S. 213, 105 S.Ct. 1238, 84 L.Ed.2d 158 .............................................................. 7

*Dohrmann v. Intuit, Inc.*,
 823 F. App'x 482 (9th Cir. 2020) .............................................................................................. 13

*Evans v. PayPal, Inc.*,
 No. 22-15979, 2023 WL 6058490 (9th Cir. Sept. 18, 2023) .................................................... 10

*First Options of Chicago, Inc. v. Kaplan*,
 514 U.S. 938 (1995) .................................................................................................................. 11

*Fteja v. Facebook, Inc.*,
 841 F. Supp. 2d 829 (S.D.N.Y. 2012) ................................................................................. 12, 13

*Gilmer v. Interstate/Johnson Lane Corp.*,
 500 U.S. 20 (1991) .................................................................................................................... 15

*HomeQuest Mortg., LLC v. HRB Tax Grp., Inc.*,
 2014 WL 3845147 (D. Kan. Aug. 5, 2014) .............................................................................. 10

*Hyundai Motor Am., Inc.*,
 No. 8:22-CV-02193-JVS, 2023 WL 6474450 (C.D. Cal. Oct. 2, 2023) ............................ 10, 15

*In re Holl*,
　925 F.3d 1076 (9th Cir. 2019) ........................................................................................... 12

*In re Juul Labs, Inc., Antitrust Litig.*,
　555 F. Supp. 3d 932 (N.D. Cal. 2021) .............................................................................. 12

*Kindred Nursing Ctrs. Ltd. P'Ship v. Clark*,
　581 U.S. 246 (2017) .......................................................................................................... 11

*Lamps Plus, Inc. v. Varela*,
　139 S. Ct. 1407 (2019) ................................................................................................ 10, 14

*Lee v. Ticketmaster L.L.C.*,
　No. 19-15673, 2020 WL 3124256 (9th Cir. June 12, 2020) ............................................. 13

*Meyer v. Uber Techs.*,
　LLC, 868 F.3d 66 (2d Cir. 2017) ................................................................................ 12, 13

*Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*,
　473 U.S. 614 (1985) .................................................................................................... 14, 15

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*,
　460 U.S. 1 (1983) ........................................................................................................ 10, 14

*Nguyen v. Barnes & Noble Inc.*,
　763 F.3d 1171 (9th Cir. 2014) ........................................................................................... 12

*PacifiCare Health Sys., Inc. v. Book*,
　538 U.S. 401, 123 S. Ct. 1531, 155 L. Ed. 2d 578 (2003) ................................................ 15

*Register.com, Inc. v. Verio, Inc.*,
　356 F.3d 393 (2d Cir. 2004) ............................................................................................. 12

*Stolt-Nielsen S.A., et al. v. Animalfeeds Int'l Corp.*,
　559 U.S. 662 (2010) .......................................................................................................... 11

*Swift v. Zynga Game Network, Inc.*,
　805 F. Supp. 2d 904 (N.D. Cal. 2011) .............................................................................. 13

*Tompkins v. 23andMe, Inc.*,
　2014 WL 2903752 (N.D. Cal. June 25, 2014) .................................................................. 13

**Statutes**

9 U.S.C. § 2 .............................................................................................................................. 10, 11

9 U.S.C. § 3 .................................................................................................................................... 15

9 U.S.C. §§ 1-16 .................................................................................................................. 6, 7

18 U.S.C. § 1962(c) ................................................................................................................. 7

18 U.S.C. § 1962(d) ................................................................................................................. 7

26 U.S.C §§ 6103 and 7431 ..................................................................................................... 7

CA Code Civ. Proc., § 1281.2(c) ............................................................................................. 7

DEFENDANTS HRB DIGITAL LLC AND HRB TAX GROUP'S MOTION TO COMPEL ARBITRATION AND TO STAY LITIGATION

## NOTICE OF MOTION

Please take notice that on March 7, 2024, at 10:00 a.m., or as soon thereafter as counsel may be heard, in Courtroom 8 of this Court, located at 280 South First Street., San Jose, CA 95113, before the Honorable P. Casey Pitts, Defendants HRB Digital LLC and HRB Tax Group, Inc. ("Defendants")[1] will and hereby do move the Court under the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16, for an order: (i) compelling Plaintiff Justin Hunt ("Plaintiff") to individually arbitrate his claims against Defendants in accordance with his arbitration agreement; and (ii) staying this action as to Plaintiff's claims against Defendants pending the outcome of arbitration.

The motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities in support thereof, the Declarations of Bobbie Crew and Valerie Schuessler and exhibits attached thereto, any reply memorandum that Defendants may file, any arguments of counsel, and any other matter that the Court deems appropriate.

## RELIEF REQUESTED

An order: (i) compelling Plaintiff Justin Hunt to individually arbitrate his claims against Defendants in accordance with his arbitration agreement; and (ii) staying this action as to Plaintiff's claims against Defendants pending the outcome of arbitration.

## STATEMENT OF ISSUE TO BE DECIDED

Whether the FAA requires the enforcement of Plaintiff's agreement to individually arbitrate his claims against H&R Block.

---

[1] On December 8, 2023, this Court granted the parties' joint stipulations to amend the complaint and add HRB Digital LLC and HRB Tax Group, Inc. as Defendants, and to voluntarily dismiss H&R Block, Inc. Dkt. 48, 49.

# MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff seeks to bring three claims against Defendants HRB Digital LLC and HRB Tax Group, Inc. in this Court relating to his use of Defendants' online tax preparation and filing services: Count I for violation of 18 U.S.C. § 1962(c), Count II for violation of 18 U.S.C. § 1962(d), and Count III for violation of 26 U.S.C §§ 6103 and 7431.[2] But Plaintiff agreed to resolve "all disputes and claims" with Defendants by arbitration on an individual basis. Declaration of Valerie Schuessler ("Schuessler Decl.") Ex. 4 § 11 (Online Services Agreement). Indeed, Plaintiff's complaint appears to acknowledge that he agreed to the Online Services Agreement. Second Amended Complaint ("SAC") ¶ 102.[3] Yet, the SAC—and Plaintiff's filing of it in court—signals that he intends to resist enforcement of his arbitration agreement in the Online Services Agreement. The Federal Arbitration Act, 9 U.S.C. §§ 1-16 ("FAA"), and well-established caselaw requires Plaintiff to honor his obligations.

Accordingly, and for the reasons set forth herein, Defendants respectfully request an order: (i) compelling Plaintiff to individually arbitrate his claims against Defendants in accordance with his arbitration agreement; and (ii) staying this action as to Plaintiff's claims against Defendants pending the outcome of that arbitration.

## I. BACKGROUND

Plaintiff alleges that he used H&R Block's online tax preparation and filing service from 2018 to 2023. SAC ¶ 10. H&R Block's records indicate that he first created an account for H&R

---

[2] These Counts are also directed towards co-Defendants Meta Platforms, Inc., Google LLC, and Alphabet, Inc. The existence of these co-Defendants does not and cannot bar relief sought by this motion. "The Federal Arbitration Act (FAA) (9 U.S.C. § 1 *et seq*.) does not include a provision comparable to [California Code of Civil Procedure] section 1281.2(c) and therefore requires courts to enforce written arbitration agreements even if there is pending litigation involving a third party that may result in conflicting rulings." *Acquire II, Ltd. v. Colton Real Est. Grp*., 213 Cal. App. 4th 959, 968, 153 Cal. Rptr. 3d 135, 143 (2013) (*citing Dean Witter Reynolds, Inc. v. Byrd* (1985) 470 U.S. 213, 217, 105 S.Ct. 1238, 84 L.Ed.2d 158).

[3] Plaintiff acknowledges in order to use H&R Block's online tax preparation and filing services, "a customer must agree to its license agreement and privacy policy, inclusive of H&R Block's Electronic Communications Consent, its Online Services Agreement, and its H&R Block Privacy Notice." SAC ¶ 102.

DEFENDANTS HRB DIGITAL LLC AND HRB TAX GROUP'S MOTION TO COMPEL ARBITRATION AND TO STAY LITIGATION

Block online tax preparation and filing services in 2018 and most recently used those services in 2023. Schuessler Decl. ¶¶ 5, 11.

To use H&R Block online tax preparation and filing services, Plaintiff was required to agree to the H&R Block Online Services Agreement. *Id*. ¶¶ 3–9, 11. Accordingly, when Plaintiff logged into his online account on April 5, 2023, at 2:26 P.M., Plaintiff clicked a check box button next to an acknowledgment stating that "I agree to the terms and conditions of the <u>Electronic Communications Consent</u> and the <u>Online Services Agreement</u>, which includes the requirement that any dispute be resolved through binding arbitration" and then clicked the "NEXT" button at the bottom of the screen. *Id*. ¶¶ 7–8, 11 & Ex. 2. In doing so, Plaintiff was given the opportunity to view the complete Online Services Agreement by clicking on the words "<u>Online Services Agreement</u>" immediately next to the check box, which takes the client to a webpage containing the complete document, including its expressly referenced arbitration agreement.[4] *Id*. ¶ 7 & Ex. 2. Plaintiff was also given the opportunity to view the "H&R Block Privacy Policy" by clicking the words "Privacy Policy," which takes the client to a webpage containing the complete document. *Id*. ¶ 7 & Ex. 2. If a client like Plaintiff clicked the "NEXT" button at the bottom of the screen without clicking the check box or by later deselecting the check box (by clicking on it a second time), the client would not be able to move past the screen, which would instead display a message in red font saying: "Error: You must agree to the Electronic Communications Consent, Online Services Agreement, and Privacy Notice." *Id*. ¶ 8 & Ex. 3.

---

[4] Like the acknowledgement screen, the Online Services Agreement accepted by Plaintiff also expressly called attention to the arbitration agreement contained within it, including among other ways by a bolded, capitalized notice in the first section:

> **THIS AGREEMENT INCLUDES A MUTUAL BINDING ARBITRATION AGREEMENT IN SECTION 11 THAT REQUIRES RESOLUTION OF DISPUTES BY INDIVIDUAL ARBITRATION UNLESS YOU OPT-OUT AS PROVIDED IN SECTION 11.**

and a bolded, capitalized, underlined title to the arbitration agreement itself: "**<u>ARBITRATION IF A DISPUTE ARISES ('Arbitration Agreement').</u>**" *Id.* Ex. 4 §§ 1.3 and 11.

Notably, the Online Services Agreement allowed Plaintiff to opt out of the arbitration provision within 30 days following his acceptance of the Agreement by filling out an online form or mailing a simple letter. *Id.* Ex. 4 § 11; *see also* Declaration of Bobbie Crew ("Crew Decl.") ¶ 4. Plaintiff did not do so. *Id*. ¶ 4.

Accordingly, Plaintiff agreed to the Online Services Agreement, including its arbitration agreement. *Id.*; Schuessler Decl. ¶¶ 3–9, 11.

### A. THE TERMS OF PLAINTIFF'S ARBITRATION AGREEMENT.

The terms of Plaintiff's arbitration agreement require arbitration of "all disputes and claims between you and the H&R Block Parties," which is defined to include HRB Digital LLC and HRB Tax Group, Inc., the Defendants here. Schuessler Decl. Ex. 4 § 11.1 (Online Services Agreement).

The agreement calls for arbitration conducted by the American Arbitration Association pursuant to its Consumer Arbitration Rules. *Id*. § 11.3. The agreement requires arbitration on an individual basis and expressly prohibits class actions, representative claims, and joint and consolidated proceedings. *Id*. § 11.4. It further includes a provision that "any relief" awarded by the arbitrator "must be individualized to you and will not affect any other client." *Id*.

### B. PLAINTIFF FILED THIS LAWSUIT AGAINST DEFENDANTS NOTWITHSTANDING HIS ARBITRATION AGREEMENT.

Notwithstanding his agreement to arbitrate his disputes with Defendants, Plaintiff filed this lawsuit in this Court. Plaintiff alleges that Defendants violated various federal statutes, and he seeks to represent a nationwide class of individuals consisting of:

> All persons in the United States and its territories who submitted personal information to H&R Block for the purpose of online tax return preparation during the time the Meta Pixel and/or Google Analytics existed on the H&R Block websites. Excluded from the National Class are employees of Defendants, including their officers and directors and the Court to which this case is assigned.

SAC ¶ 216.

Counts I–III are asserted on behalf of "Plaintiff, individually, and on behalf of the putative National Class." *Id.* at pp. 37-41. Plaintiff additionally purports to seek refunds, restitution, disgorgement, damages, interest, and attorneys' fees and costs "individually and on behalf of the Class described herein." *Id*. ¶ 256.

## II. ARGUMENT

### A. THE FAA AND WELL-ESTABLISHED PRECEDENT REQUIRES ENFORCEMENT OF PLAINTIFF'S ARBITRATION AGREEMENT.

The FAA governs any arbitration agreement that is "written" and in a contract "evidencing a transaction involving commerce." 9 U.S.C. § 2. Here, both criteria are met: (i) the arbitration agreement is in writing (*see* Schuessler Decl. ¶ 11, Ex. 4), and (ii) contracts for federal tax preparation and filing and related services involve commerce. *See, e.g.*, *HomeQuest Mortg., LLC v. HRB Tax Grp., Inc.*, 2014 WL 3845147, at *5 (D. Kan. Aug. 5, 2014) ("The general practice of preparing federal tax returns for customers nationwide clearly impacts the national economy, which makes evident Congress' power to regulate that activity under the Commerce Clause."). Indeed, the arbitration provision itself states that "[t]his Arbitration Agreement shall be governed by, and interpreted, construed, and enforced in accordance with, the Federal Arbitration Act and other applicable federal law." Schuessler Decl. Ex. 4 § 11.7.

Under the FAA, Plaintiff's arbitration agreement is "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. As the Supreme Court has explained, "[t]he overarching purpose of the FAA . . . is to ensure the enforcement of arbitration agreements according to their terms so as to facilitate streamlined proceedings." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 344 (2011). And this "'liberal federal policy favoring arbitration agreements'" applies "'notwithstanding any state substantive or procedural policies to the contrary.'" *Id.* at 346 (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983)); *see also Evans v. PayPal, Inc.*, No. 22-15979, 2023 WL 6058490, at *2 (9th Cir. Sept. 18, 2023) (A "class action waiver, valid under the FAA, does not contravene California public policy."); *Maranda. v. Hyundai Motor Am., Inc.*, No. 8:22-CV-02193-JVS, 2023 WL 6474450, at *10 (C.D. Cal. Oct. 2, 2023) (granting motion to compel arbitration and ordering stay of proceedings pending arbitration).

Moreover, the Supreme Court has made clear in multiple decisions that express class action waivers, like the one in Plaintiff's arbitration agreement, are valid and enforceable. *See, e.g., Lamps Plus, Inc. v. Varela,* 139 S. Ct. 1407, 1412, 1415-1416 (2019) ("The Federal Arbitration Act requires

DEFENDANTS HRB DIGITAL LLC AND HRB TAX GROUP'S MOTION TO COMPEL ARBITRATION AND TO STAY LITIGATION

courts to enforce covered arbitration agreements according to their terms;" holding putative class action must be compelled to individual arbitration even where the agreement was "ambiguous" as to the availability of class proceedings); *Am. Exp. Co. v. Italian Colors Rest.*, 570 U.S. 228, 233 (2013) (The FAA reflects "the overarching principle that arbitration is a matter of contract. And consistent with that text, courts must 'rigorously enforce' arbitration agreements according to their terms, including terms that 'specify with whom [the parties] choose to arbitrate their disputes….'") (bracketed text original, internal citations omitted); *AT&T Mobility*, 563 U.S. at 341-47 (the FAA preempts state judicial rule concerning the unconscionability of class waivers in consumer contracts); *Stolt-Nielsen S.A., et al. v. Animalfeeds Int'l Corp.*, 559 U.S. 662, 685 (2010) (holding a party may not be compelled to submit to class arbitration absent an agreement to do so)

Here, no grounds "exist at law or in equity for the revocation of" (9 U.S.C. § 2) Plaintiff's arbitration agreement. As discussed below, Plaintiff validly accepted the agreement, the agreement covers the claims Plaintiff asserts in this lawsuit, and the arbitration agreement's terms are enforceable as a matter of federal law.

### 1. Plaintiff Agreed To Arbitrate.

As detailed above, Plaintiff agreed to the Online Services Agreement, including its arbitration provision, on April 5, 2023 when he used H&R Block online tax preparation and filing services. Specifically, he clicked a check box button in the H&R Block online tax preparation and filing system right next to an acknowledgment that he was agreeing to "the <u>Online Services Agreement</u>, which includes the requirement that any dispute be resolved through binding arbitration"—with the phrase "<u>Online Services Agreement</u>" as a green, underlined hyperlink that linked to the full terms. *See* Schuessler Decl. ¶¶ 7, 11.

This process formed a valid contract. "[O]rdinary state-law principles … govern the formation of contracts." *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995). As the Supreme Court has underscored, however, the FAA requires that those principles be generally applicable, rather than "singling out" arbitration agreements "for disfavored treatment." *Kindred Nursing Ctrs. Ltd. P'Ship v. Clark*, 581 U.S. 246, 252 (2017); *see also id*. at 254-55 ("A rule

11    Case No. 5:23-cv-04953-PCP
DEFENDANTS HRB DIGITAL LLC AND HRB TAX GROUP'S MOTION TO COMPEL ARBITRATION AND TO STAY LITIGATION

selectively finding arbitration contracts invalid because improperly formed fares no better under the [FAA] than a rule selectively refusing to enforce those agreements once properly made.").

Courts have made clear that the rules of contract formation are no different when an individual engages in a transaction on an electronic device or the Internet, explaining that "'[w]hile new commerce on the Internet has exposed courts to many new situations, it has not fundamentally changed the principles of contract.'" *Nguyen v. Barnes & Noble Inc.*, 763 F.3d 1171, 1175 (9th Cir. 2014) (quoting *Register.com, Inc. v. Verio, Inc.*, 356 F.3d 393, 403 (2d Cir. 2004)); *accord Meyer v. Uber Techs., LLC*, 868 F.3d 66, 74-80 (2d Cir. 2017) (finding arbitration agreement was formed by completing sign up process on a smartphone); *In re Juul Labs, Inc., Antitrust Litig.*, 555 F. Supp. 3d 932, 947 (N.D. Cal. 2021) ("The internet has 'not fundamentally changed the requirement that mutual manifestation of assent, whether by written or spoken word or by conduct, is the touchstone of contract.'"). Whether on paper or on a screen, courts require "reasonably conspicuous notice of the existence of contract terms and unambiguous manifestation of assent to those terms." *Meyer*, 868 F.3d at 75 (alteration and quotation marks omitted).

The contract formation process here readily complies with these requirements. Courts "routinely uphold" agreements "which require users to click an 'I agree' box after being presented with a list of terms and conditions of use." *Id.* (citing *Fteja v. Facebook, Inc.*, 841 F. Supp. 2d 829, 837 (S.D.N.Y. 2012) (collecting cases)). The Ninth Circuit has also endorsed the reasoning in *Fteja*, citing it with approval in noting that courts enforce agreements "where the user is required to affirmatively acknowledge the agreement before proceeding with use of the website." *Nguyen*, 763 F.3d at 1176-77; *see also In re Holl*, 925 F.3d 1076, 1085 (9th Cir. 2019) ("Federal courts likewise have recognized the general enforceability of similar online agreements that require affirmative user assent"); *La Force v. GoSmith, Inc.*, 17-CV-05101-YGR, 2017 WL 9938681, at *4 (N.D. Cal. Dec. 12, 2017) (enforcing arbitration agreement where webpage "used to register contained a check box for indicating agreement to the Terms of Use").

In both *Meyer* and *Fteja*, as here, the full terms were available via a hyperlink on the relevant screen. Those courts—and many courts in California—have held that the fact "[t]hat the Terms of Service were available only by hyperlink does not preclude a determination of reasonable notice."

*Meyer*, 868 F.3d at 78 (citing *Fteja*, 841 F. Supp. 2d 839); *see also*, *e.g.*, *Cordas v. Uber Techs., Inc.*, 228 F. Supp. 3d 985, 990-91 (N.D. Cal. 2017); *Tompkins v. 23andMe, Inc.*, 2014 WL 2903752, at *3, *8 (N.D. Cal. June 25, 2014), *aff'd*, 840 F.3d 1016 (9th Cir. 2016); *Crawford v. Beachbody, LLC*, 2014 WL 6606563, at *1 (S.D. Cal. Nov. 5, 2014); *Swift v. Zynga Game Network, Inc.*, 805 F. Supp. 2d 904, 908, 911-12 (N.D. Cal. 2011). These cases recognize the common-sense proposition that Internet users "would understand that the hyperlinked phrase 'Terms of Use' is really a sign that says 'Click Here for Terms of Use.'" *Fteja*, 841 F. Supp. 2d at 839; *see also Dohrmann v. Intuit, Inc.*, 823 F. App'x 482, 484 (9th Cir. 2020) ("The relevant warning language and hyperlink to the Terms of Use were conspicuous – they were the only text on the webpage in italics, were located directly below the sign-in button, and the sign-in page was relatively uncluttered. [] TurboTax's website therefore provided sufficient notice to a reasonably prudent internet user of its Terms of Use, which include an arbitration clause.").

In a recent decision, the Ninth Circuit found plaintiff "validly assented to Ticketmaster's Terms of Use, [...] each time he clicked the 'Place Order' button when placing an order for tickets, where directly above the button, the website displayed the phrase, 'By clicking 'Place Order,' you agree to our Terms of Use,' where in both contexts, 'Terms of Use' was displayed in blue font and contained a hyperlink to Ticketmaster's Terms." *Lee v. Ticketmaster L.L.C.*, No. 19-15673, 2020 WL 3124256, at *2 (9th Cir. June 12, 2020). And in *Peter v. DoorDash, Inc.*, Judge Tigar found sufficient inquiry notice of DoorDash's Terms and Conditions where directly below the "Sign Up" button, a statement read: "By tapping Sign Up, [...] you agree to our Terms and Conditions and Privacy Statement" and the words "Terms and Conditions" appeared in blue text and were hyperlinked to DoorDash's Terms and Conditions in effect at the time. 445 F. Supp. 3d 580, 587 (N.D. Cal. 2020).

Similar to these cases, to use H&R Block online tax preparation and filing services, Plaintiff had to click a check box button next to an acknowledgment stating that "I agree to the terms and conditions of the Electronic Communications Consent and the Online Services Agreement, which includes the requirement that any dispute be resolved through binding arbitration[.]" Schuessler Decl. ¶¶ 7–8, 11. Additionally, Plaintiff could view the complete Online Services Agreement by

13  Case No. 5:23-cv-04953-PCP
DEFENDANTS HRB DIGITAL LLC AND HRB TAX GROUP'S MOTION TO COMPEL ARBITRATION AND TO STAY LITIGATION

clicking on the words "Online Services Agreement" immediately next to the check box, which linked to a webpage containing the complete H&R Block Online Services Agreement, including its expressly referenced arbitration agreement. *Id.* ¶ 7 & Ex. 2.

In sum, by accepting the Online Services Agreement under the process described above, Plaintiff expressly agreed to the requirement that "all disputes and claims between [the] Parties shall be resolved through binding individual arbitration." *Id.* ¶11, Ex. 4 § 11.1. His agreement is binding, therefore, and must be enforced.

### 2. Plaintiff's Claims Fall Within The Scope Of His Arbitration Agreement.

Plaintiff's arbitration agreement covers the claims asserted in this lawsuit. The arbitration provision contained in his Online Services Agreement requires arbitration of "*all disputes and claims*" between Plaintiff and "the H&R Block Parties," which are defined to include "HRB Digital LLC [and] HRB Tax Group, Inc.," among others. *Id.* § 11.1.

Even if there were any uncertainty as to whether Plaintiff's claims fall within the scope of his arbitration agreement—and there is none— "as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone*, 460 U.S. at 24-25; *see also, e.g.*, *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 650 (1986) ("[A]n order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage.") (quotation marks omitted). As the Supreme Court recently reiterated, the "FAA provides the default rule for resolving certain ambiguities in arbitration agreements," including the rule "that ambiguities about the scope of an arbitration agreement must be resolved in favor of arbitration," and that rule preempts any state law to the contrary. *Lamps Plus, Inc.*, 139 S. Ct. at 1418-19 (citing *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985); *Moses H. Cone*, 460 U.S. at 24-25)).

In this case, it is beyond legitimate dispute that the parties' agreement to individually arbitrate "all disputes and claims" encompasses the current action. Schuessler Decl. Ex. 4 § 11.1. Indeed, every count asserted by Plaintiff is directly related to the Online Services Agreement and

the services provided pursuant to the terms of that agreement. Thus, regardless of the statutes under which Plaintiff asserts his claims, they are properly compelled to arbitration. *See, e.g., Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 628, 105 S. Ct. 3346, 3354, 87 L. Ed. 2d 444 (1985) ("By agreeing to arbitrate a statutory claim, a party does not forgo the substantive rights afforded by the statute; it only submits to their resolution in an arbitral, rather than a judicial, forum."). The Supreme Court of the United States has explicitly noted that RICO claims are properly compelled to arbitration when an arbitration agreement exists. *PacifiCare Health Sys., Inc. v. Book*, 538 U.S. 401, 407, 123 S. Ct. 1531, 1536, 155 L. Ed. 2d 578 (2003). Here, each claim asserted by Plaintiff is directly related to the Online Services Agreement to which Plaintiff agreed and assented.

In short, Plaintiff's claims are covered by his arbitration agreement and he must submit them to individual arbitration in accord with the terms of that agreement.

**B. THIS ACTION SHOULD BE STAYED PENDING ARBITRATION OF PLAINTIFF'S CLAIMS.**

When, as here, the FAA governs an arbitration provision that covers a plaintiff's claims, Section 3 of the FAA directs the district court to compel arbitration and stay the lawsuit. *See* 9 U.S.C. § 3 (providing for a stay of court proceedings pending the resolution of arbitration); *see also, e.g.*, *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 25 (1991); *Maranda*, No. 8:22-CV-02193-JVS, 2023 WL 6474450, at *1.

Here, all of Plaintiff's claims are premised on the same factual allegations, and all are within the scope of his arbitration agreement. Accordingly, a stay of all claims is warranted.

**III. CONCLUSION**

The Court should enter an order (i) compelling Plaintiff to individually arbitrate his claims in accordance with his arbitration agreement; and (ii) staying this action pending the outcome of arbitration.

DATED: February 1, 2024   Respectfully submitted,

**BERKOWITZ OLIVER LLP**

By: /s/ Stacey R. Gilman
Stacey R. Gilman
Attorneys for Defendants HRB Digital LLC
and HRB Tax Group, Inc.

**HOGE, FENTON, JONES & APPEL, INC.**

By: /s/ Alison P. Buchanan
Alison P. Buchanan
Attorneys for Defendants HRB Digital LLC
and HRB Tax Group, Inc.

## CIVIL L.R. 5-1(H)(3) ATTESTATION

Pursuant to Civil Local Rule 5-1(h)(3), I, Alison P. Buchanan, hereby attest under penalty of perjury that concurrence in the filing of this document has been obtained from all signatories.

DATED: February 1, 2024                     **HOGE, FENTON, JONES & APPEL, INC.**

By:   /s/ Alison P. Buchanan
     Alison P. Buchanan
     Attorneys for Defendants HRB Digital LLC and
     HRB Tax Group, Inc.

## **CERTIFICATE OF SERVICE**

I hereby certify that this/these document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as nonregistered participants on February 1, 2024.

DATED: February 1, 2024                     **HOGE, FENTON, JONES & APPEL, INC.**

By:   /s/ Alison P. Buchanan
     Alison P. Buchanan
     Attorneys for Defendants HRB Digital LLC and
     HRB Tax Group, Inc.