# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN HUNT,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>META PLATFORMS, INC., et al.,<br><br>　　　　Defendants. | No. 5:23-cv-04953-PCP<br><br>**DECLARATION OF VALERIE SCHUESSLER IN SUPPORT OF DEFENDANTS HRB DIGITAL LLC AND HRB TAX GROUP, INC.'S MOTION TO COMPEL ARBITRATION AND TO STAY LITIGATION**<br><br>Date; March 7, 2024<br>Time: 10:00 a.m.<br>Judge: Hon. P. Casey Pitts<br>Courtroom 8, 4th Floor |

I, Valerie Schuessler, declare as follows:

1.　I either have personal knowledge of the facts and matters set forth below or I have determined that such facts and matters are true and correct on the basis of information from records kept in the ordinary course of business and/or information brought to my attention by individuals upon whom I regularly rely, including with respect to the process for using H&R Block online tax preparation and filing services and related records. If I were called as a witness in this matter, I could and would testify competently to each of the matters stated.

**My Role at H&R Block**

2.　I have worked at H&R Block since May of 2014. I am currently Director, Global Consumer Tax for H&R Block online tax preparation and filing services. Prior to my current role, I also have served as a Product Manager, Senior Product Manager, and Lead Product Manager for these services. I am familiar with the process through which clients may use H&R Block online tax preparation and filing services. I am also familiar with how the H&R Block online tax preparation and filing system is structured and operates. In addition, I am familiar with how information obtained

through the H&R Block online tax preparation and filing system is stored, preserved, and retrieved in the regular and ordinary course of business.

**The H&R Block Online Services Agreement**

3. Both new clients and returning clients are required to agree to the H&R Block Online Services Agreement each year they use H&R Block online tax preparation and filing services, which includes an agreement to individually arbitrate disputes. This has been true at least since I started with H&R Block.

4. The processes that I describe below are the processes that Plaintiff Justin Hunt ("Plaintiff") used to log into his existing H&R Block online account in April 2023 and agree to the then-current version of the H&R Block Online Services Agreement. These processes have remained substantially the same throughout my employment.

5. Plaintiff created an account and began using H&R Block online tax preparation and filing services in 2018 and most recently used those services in 2023.

6. As a returning client, Plaintiff was required, like all clients, to enter his username and password on the H&R Block login page in order to log into his account. Attached as **Exhibit 1** is a true and correct copy of an exemplar screenshot showing the H&R Block login page as it appeared in April 2023 (*see* page 1 of **Exhibit 1**). If, as Plaintiff did, the client has set up two-step authentication for his account, his entry of the correct username and password causes a security code to be generated and sent to the email account or phone number designated by the client, and the client is prompted by a new screen to enter that security code in order to complete the log in process. A true and correct copy of an exemplar screenshot showing the H&R Block login page prompting entry of this security code as it appeared in April 2023 (with the exposed portions of the designated contact information redacted for privacy) is shown on the second page of the attached **Exhibit 1**. The client must enter the correct security code into the field shown in the exhibit in order to complete the log-in process.

7. Upon logging in, a returning client is then presented with a new screen: the "Returning Client Acknowledgment Screen." This screen states "We've updated our terms & policies." Attached as **Exhibit 2** is a true and correct copy of an exemplar screenshot showing the

Returning Client Acknowledgment Screen as it appeared in April 2023. The Returning Client Acknowledgment Screen presents the client with an acknowledgment that "I agree to the terms and conditions of the Electronic Communications Consent and the Online Services Agreement, which includes the requirement that any dispute be resolved through binding arbitration….,"[1] directly adjacent to a check box that the client marks (by clicking on the box) to confirm their acknowledgement of this agreement. *See* **Exhibit 2**. The client is given the opportunity to view the complete H&R Block Online Services Agreement in place at the time by clicking on the green, underlined words "Online Services Agreement" in the text immediately next to the check box, which contain an embedded link that takes the client to a webpage containing the complete document.[2] *See id.*

8. Once the returning client views the Returning Client Acknowledgment Screen, the returning client then must: (i) click the check box to agree to the H&R Block Online Services Agreement; and (ii) click "NEXT" to move past the Returning Client Acknowledgment Screen and access H&R Block online tax preparation and filing services. If the client tries to click the "NEXT" button to move past the Returning Client Acknowledgment Screen without clicking the check box or by later deselecting the check box (by clicking on it a second time), they cannot proceed, and an error message is displayed. Attached as **Exhibit 3** is a true and correct copy of an exemplar screenshot showing the error message as it appeared in April 2023, which reads in red font: "Error: You must agree to the Electronic Communications Consent, Online Services Agreement, and Privacy Notice." The "NEXT" button will only operate to advance to the next screen if the check box is clicked to acknowledge the client's agreement to the Online Services Agreement. In other

---

[1] The Online Services Agreement has included an arbitration agreement for the entire time I have worked at H&R Block. And, that fact has always been called out on the online page where the client affirms their acknowledgement of the Online Services Agreement in substantially the same way it was in April 2023, as described here and shown in **Exhibit 2**.

[2] Likewise, the green, underlined terms "Electronic Communications Consent" and "Privacy Notice" shown on **Exhibit 2** are also links. If clicked, each link takes the client to a webpage containing the respectively-named, complete document.

words, no client is able to proceed past the Returning Client Acknowledgment Screen without agreeing to the then-current H&R Block Online Services Agreement.

9. Notably, the process is (and for the duration of my employment has been) substantially the same for new clients when they first create their accounts. A new client, like a returning client, cannot access H&R Block online tax preparation and filing services without first agreeing to the then-current H&R Block Online Services Agreement. In that scenario, the client is presented with an acknowledgement screen that is substantially similar to the Returning Client Acknowledgement Screen (but presents the terms and policies then in use as the current terms, rather than as "updated").

**Plaintiff's Acceptance of the H&R Block Online Services Agreement**

10. When a client accepts the H&R Block Online Services Agreement under the processes described above, the date and time of acceptance are automatically stored.

11. According to H&R Block records, Plaintiff accepted the H&R Block Online Services Agreement under the processes described above on April 5, 2023 at 9:59 A.M. Attached as **Exhibit 4** is a true and correct copy of the current, and operative, H&R Block Online Services Agreement agreed to by Plaintiff on that date and time.[3]

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 31 day of January 2024.

*Valerie Schuessler* (signature)
Valerie Schuessler

---

[3] H&R Block records further confirm that Plaintiff accepted the Online Services Agreement in every year that he had used H&R Block online tax preparation and filing services in the past. The arbitration provisions in those agreements, like the most recent provision Plaintiff agreed to in 2023, broadly required him to individually arbitrate all disputes and claims between him and any one or more of the H&R Block Parties, including HRB Digital LLC, HRB Tax Group, Inc., and their parents, subsidiaries, and affiliates.

DECLARATION OF VALERIE SCHUESSLER
Case No. 3:23-cv-04953-PCP