# EXHIBIT 3



# Supplementary Rules for Multiple Case Filings



Rules Effective August 1, 2021

Available online at **adr.org**

# Table of Contents

Introduction................................................................ 3
    MC-1. Applicability...................................................... 4
    MC-2. Filing Requirements............................................. 5
    MC-3. Serving of Documents, Notices, and Communications ....... 5
    MC-4. Answers, Counterclaims, and Amended Claims .............. 5
    MC-5. Fixing of Locale................................................. 6
    MC-6. Challenges to Initial Administrative Determinations .......... 6
    MC-7. Appointment of Merits Arbitrator(s) ........................... 7
    MC-8. Scheduling ..................................................... 8
    MC-9. Mediation ...................................................... 8
    MC-10. Administrative Fees and Compensation and Expenses of the Arbitrator(s).... 9

# Supplementary Rules for Multiple Case Filings



## Introduction

The American Arbitration Association® (AAA®) developed these *Supplementary Rules for Multiple Case Filings* (Supplementary Rules) to streamline the administration of large volume filings involving the same party, parties, and party representative(s), or related party, parties and party representative(s) for disputes where the *Employment/Workplace Fee Schedule* or the *Consumer Fee Schedule* apply. Parties to other types of arbitration may also opt into these Supplementary Rules. These Supplementary Rules, including Section MC-1(g), are intended to provide parties and their representatives with an efficient and economical path toward the resolution of multiple individual disputes.

Parties are encouraged to agree to additional processes that make the resolution of Multiple Case Filings more efficient, such as:

- An agreed-upon Scheduling Order setting forth deadlines across multiple cases, including those for submission of documents and witness lists, completion of discovery, and filing of motions.
  - Where the parties can agree on the Scheduling Order, they should consult with the arbitrator as to whether a Preliminary Management Conference between the parties and the arbitrator is necessary.
  - Eliminating the need for a separate Preliminary Management Conference in each case can significantly impact time to resolution of the case.
- An agreement to appoint a special master to oversee procedural issues common to the cases, such as discovery, choice of law, and statute of limitations.
- An agreement that cases be heard on the documents, rather than by in-person, telephone, or videoconference hearings.
- An agreement to assign multiple cases to a single arbitrator, making the scheduling of conferences and hearings more efficient. Each case will still be heard and decided individually by the arbitrator.
- An agreement on the form of award.

- An agreement limiting briefs, motions, and discovery requests.
- An agreement allowing testimony via affidavit or recorded deposition, rather than requiring live witness testimony.

## MC-1. Applicability

**(a)** The AAA may apply these Supplementary Rules to any group of cases defined as Multiple Case Filings in Section MC-1(b) below for disputes where the *Employment/Workplace Fee Schedule* or the *Consumer Fee Schedule* apply. The AAA's determination to apply these Supplementary Rules shall be final, unless a party seeks review of that determination by a Process Arbitrator, as provided for in Section MC-6. These Supplementary Rules supplement any other AAA rules applicable to the disputes. Where inconsistencies exist among these Supplementary Rules and other AAA rules, these Supplementary Rules shall govern.

**(b)** For the purpose of these Supplementary Rules, Multiple Case Filings are defined as:

   **i.** twenty-five or more similar Demands for Arbitration (Demand(s)) filed against or on behalf of the same party or related parties,

   **ii.** where representation of the parties is consistent or coordinated across the cases.

**(c)** These Supplementary Rules apply whenever 25 or more similar Demands for Arbitration are filed, whether or not such cases are filed simultaneously.

**(d)** The Supplementary Rules are to be applied as described in Sections MC-1 through MC-10. Where inconsistencies exist between these Supplementary Rules and other AAA rules that apply to the dispute, these Supplementary Rules will govern.

**(e)** Parties to Multiple Case Filings are encouraged to agree to processes for the efficient resolution of those cases. Any such agreement must be in writing and should address the matters set forth in Sections MC-1 through MC-9 of these Supplementary Rules. In the absence of a post-dispute agreement as to any issue covered by these Supplementary Rules, the Supplementary Rules shall apply.

**(f)** If, within 30 calendar days after the AAA's commencement of administration, a party seeks judicial intervention with respect to cases to which these Supplementary Rules apply and provides the AAA with documentation that judicial intervention has been sought, the AAA will suspend administration of such cases for 60 calendar days to permit the party to obtain a stay of arbitration from the court.

**(g)** In its sole discretion, the AAA has the authority to interpret and apply these Supplementary Rules. The AAA will make initial determinations with respect to administrative issues where necessary in order to apply these Supplementary Rules.

## MC-2. Filing Requirements

A separate Demand for Arbitration must be filed in each individual case. The filing party shall adhere to the filing requirements set forth in the applicable rules. Each Demand must include complete contact information for all parties and representatives. When the AAA determines that the filing requirements have been met, it shall notify the parties.

As part of the filing requirements, the filing party shall submit a fully completed *Multiple Case Filings Intake Data Spreadsheet* (Spreadsheet), which is available at www.adr.org, at the time a Multiple Case Filing reaches the 25-case threshold, and shall update such Spreadsheet as additional cases are filed. This Spreadsheet must also be provided to opposing parties at the same time it is provided to the AAA. The AAA may also require the filing party to submit the Demands for Arbitration, and any other documents submitted with the Demands, in an electronic format. The AAA will advise the filing party when and in what manner those materials shall be submitted.

## MC-3. Serving of Documents, Notices, and Communications

**(a)** For all purposes in accordance with these Supplementary Rules, the parties shall accept documents, notices, and communications pertaining to each Multiple Case Filing via single, combined, electronic communication from the AAA. The AAA will determine when separate documents, notices, and communications are required.

**(b)** Service of documents, notices, and communications pertaining to Multiple Case Filings will be effected via electronic means, such as a file transfer protocol administered by the AAA or the AAA WebFile® platform. Parties providing service of documents, notices, and communications must simultaneously notify opposing parties in writing that the documents, notices, or communications have been submitted.

## MC-4. Answers, Counterclaims, and Amended Claims

**(a)** A respondent may file an Answer and/or Counterclaim as set forth in the applicable rules; however, the deadline for filing an Answer shall be 45 calendar days from the date the AAA confirms the filing requirements have been met.

**(b)** With the exception of the initial filings required under Section MC-2, where party submissions are substantially similar across a Multiple Case Filing, the submission may be filed in a single document and need not be filed separately in each individual case.

    **i.** Any party submission filed in this manner shall also include correspondence advising, by case number, to which cases the submission relates.

  ii. Any dispute over whether a party's submission is substantially similar will initially be determined by the AAA, subject to a final determination by a Process Arbitrator, as provided for in Section MC-6.

## MC-5. Fixing of Locale

Where in-person hearings are required, and in the absence of party agreement, the AAA will identify one or more locales where hearings may take place. In any such determination, the AAA will consider the positions of the parties; relative ability of the parties to travel; and factors such as the location of performance of the agreement, the location of witnesses and documents, relative costs, and the location of any prior court proceedings, among other factors presented by the parties.

## MC-6. Challenges to Initial Administrative Determinations

**(a)** After all filing requirements have been met, including payment of the AAA's initial administrative fees, and prior to the appointment of arbitrators to determine the merits (the Merits Arbitrator(s)), any party may notify the AAA and opposing parties in writing that the party disagrees with the AAA's initial determination as to any administrative issue(s).

**(b)** Upon receipt of a party's written notice of disagreement with an administrative determination made by the AAA with respect to a particular Multiple Case Filing, and if the parties do not agree to mediate such issue(s), or if such mediation is unsuccessful, the AAA in its sole discretion may decide whether or not to appoint an arbitrator (the Process Arbitrator) to hear and determine the administrative issue(s) for all of the cases included in the Multiple Case Filing affected by such administrative issue(s).

**(c)** There shall be one Process Arbitrator. If the parties have not appointed a Process Arbitrator and have not agreed to a process for appointing the Process Arbitrator, the Process Arbitrator shall be administratively appointed by the AAA, unless the AAA, in its sole discretion, elects to simultaneously send to each party an identical list of names from which to select a single arbitrator by the process described in Section MC-7(a) below.

**(d)** Only administrative issues may be submitted to the Process Arbitrator for determination. Administrative issues include:

  i. AAA filing requirements;

  ii. allocation of payment advances on administrative fees, arbitrator compensation, and/or expenses;

  iii. determining the applicable AAA rules that will govern the individual disputes;

  iv. any other issue the parties wish to submit by agreement; and

  v. any other administrative issue arising out of the nature of the Multiple Case Filings.

**(e)** The Process Arbitrator is subject to requirements in the applicable rules pertaining to disclosure and disqualification.

**(f)** The Process Arbitrator shall have the power to rule on the Process Arbitrator's own jurisdiction and shall resolve any disputes over the applicability of this Section MC-6.

**(g)** The Process Arbitrator shall make rulings on the basis of written submissions unless the Process Arbitrator determines that a telephone or videoconference hearing is necessary.

**(h)** The ruling of the Process Arbitrator shall contain the reasons for such ruling and shall be rendered no later than 30 calendar days from the date the Process Arbitrator set for receipt of the final document submissions, or, if the Process Arbitrator set a hearing, no later than 30 calendar days from the close of the hearing. The AAA may extend the time limit for the rendering of the Process Arbitrator's ruling only in unusual and extreme circumstances.

**(i)** The Process Arbitrator's authority shall cease upon the rendering of the Process Arbitrator's ruling, except that after the Process Arbitrator has rendered a ruling, if new and different administrative issues arise upon which the parties disagree, the AAA may re-appoint the same Process Arbitrator to rule on such new and different administrative issues.

**(j)** Rulings by the Process Arbitrator will be final and binding upon the parties and Merits Arbitrator(s) where the Merits Arbitrator(s) is appointed after the appointment of the Process Arbitrator. Administrative issues arising in individual cases after a Merits Arbitrator(s) has been appointed may be decided by the Merits Arbitrator(s).

**(k)** Rulings by the Process Arbitrator will be final and binding upon the parties and Merits Arbitrator(s) with respect to subsequently filed cases that the AAA determines to be part of the same Multiple Case Filing.

**(l)** Absent agreement of all parties, the Process Arbitrator shall not be appointed as the Merits Arbitrator for any of the cases in the same Multiple Case Filing.

## MC-7. Appointment of Merits Arbitrator(s)

The parties may mutually agree upon a process for selection of the arbitrator(s) to determine the merits (the Merits Arbitrator(s)), and the AAA will facilitate any such selection process. The arbitrator selection process may include the use of the AAA arbitrator search platform when the AAA deems it practical to provide and permits its use. Parties are encouraged to consider assigning multiple proceedings to a single, mutually agreeable Merits Arbitrator. Absent a contractual process or party agreement, the AAA shall have the authority to apply the following process:

**(a)** The AAA shall compile a roster of arbitrators for the purpose of identifying arbitrators who may be appointed to cases or groups of cases in Multiple Case

Filings. The AAA may submit a list of proposed arbitrators to the parties to any Multiple Case Filing. The parties are encouraged to agree to arbitrators from this list and to advise the AAA of their agreement. If the parties are unable to agree upon arbitrators, each party shall have 14 calendar days from the list transmittal date in which to strike names objected to, number the remaining names in order of preference, and return the list to the AAA. To ensure an appropriate number of arbitrators remain available for appointment, the AAA may limit the number of strikes.

**(b)** If for any reason appointments cannot be made from the submitted lists or if the AAA determines the number of cases is too numerous for use of lists, the AAA shall have the authority to administratively appoint Merits Arbitrator(s).

**(c)** To facilitate arbitrator selection, to satisfy the parties' desired arbitrator qualifications, if the number of individual cases exceeds the number of qualified arbitrators in the locale, or in any other circumstance determined by the AAA to warrant such action, the AAA may assign multiple cases to a single Merits Arbitrator, who will decide each case on its own merits.

**(d)** Arbitrators appointed pursuant to Section MC-7 are subject to the disclosure and disqualification procedures set forth in the applicable AAA rules.

## MC-8. Scheduling

Preliminary Management Conferences and hearings will be scheduled in a manner consistent with the expeditious nature of arbitration. The parties are encouraged to agree on a streamlined procedure for scheduling conferences and hearings. Absent such agreement of the parties, conferences and hearings may be scheduled in any fashion deemed appropriate by the AAA or the arbitrator(s). The AAA or the arbitrator(s) may schedule the Preliminary Management Conference without first consulting with the parties, although either party may request that it be rescheduled. To avoid delay in the administration of the cases, the AAA may require that representatives provide availability via an automated or another electronic scheduling method and that they be available for blocks of hours or days at a time.

## MC-9. Mediation

Within 120 calendar days from the established due date for the Answer, the parties shall initiate a global mediation of the Multiple Case Filings pursuant to the applicable AAA mediation procedures or as otherwise agreed to by the parties. The mediator shall be administratively appointed by the AAA unless the parties agree on a mediator. The mediation shall take place concurrently with the arbitrations and shall not act as a stay of the arbitration proceedings, unless agreed to by the parties. Any party may unilaterally opt out of mediation upon

written notification to the AAA and the other parties to the arbitration. Unless agreed by all parties and the mediator, the mediator shall not be appointed as an arbitrator for any of the cases in the same Multiple Case Filing.

## MC-10. Administrative Fees and Compensation and Expenses of the Arbitrator(s)

**(a)** Administrative fees will be billed according to the applicable Multiple Case Filings Administrative Fee Schedule. Administrative fees, as well as arbitrator compensation and expense deposits, are due on or before the deadline established by the AAA. Neither settlement nor withdrawal of any individual claim or group of multiple cases shall result in extension of payment due dates or waiver of administrative fees. Administrative fees, as well as arbitrator compensation and expenses, for each Multiple Case Filing will be billed and must be paid prior to the AAA completing the applicable administrative procedures.

**(b)** Invoices provided by the AAA to the parties for payment of fees and arbitrator compensation and expenses may be in consolidated format for each Multiple Case Filing.

**(c)** Compensation of the Process Arbitrator will be at the rate set forth on the Process Arbitrator's resume. Merits Arbitrator(s) shall be compensated pursuant to the rules and fee schedules applicable to the individual cases.

**(d)** If administrative fees, arbitrator compensation, and/or expenses have not been paid in full, the AAA may notify the parties in order that one party may advance the required payment within the time specified by the AAA.

**(e)** If payments due are not made by the date specified in such notice to the parties, the arbitrator may order the suspension or termination of the proceedings. If no arbitrator has yet been appointed, the AAA may suspend or terminate those proceedings. The AAA may also decline to administer future arbitrations with the parties involved.



*© 2021 American Arbitration Association, Inc. All rights reserved. These Rules are the copyrighted property of the American Arbitration Association (AAA) and are intended to be used in conjunction with the AAA's administrative services. Any unauthorized use or modification of these Rules may violate copyright laws and other applicable laws.
Please contact 800.778.7879 or websitemail@adr.org for additional information.*